[Crim. No. 623.  First Appellate Court.—April 24, 1916.]

## THE PEOPLE, Respondent, v. JOHN W. McINERNEY, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT ROBBERY—PLEAD-ING AND PROOF.—Although the prosecution alleges in the information that an assault with intent to commit robbery was committed with a deadly weapon, to wit, a loaded revolver, it is not limited to the proof of that particular form and means of assault, and where the evidence is otherwise sufficient to justify a conviction, the fact that it was not proven that the assault was made with a deadly weapon, to wit, a loaded revolver, does not render the verdict unsupported by the evidence, as the words "with a deadly weapon, to wit, a loaded revolver" may be treated as surplusage.

ID.—INSTRUCTIONS—PROPER REFUSAL.—In such a case there is no error in refusing instructions asked by the defendant touching alleged defect in proof as to the use of the particular weapon at the time of the assault; nor of instructions which were substantially covered by others given.

ID.—INSUFFICIENT RECORD ON APPEAL.—Where there is no affirmative showing as to whether or not certain instructions were in fact given, the appellate court must resolve the uncertainty of the record in favor of supporting the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Benjamin L. McKinley, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The appellant was convicted upon the charge of assault with intent to commit robbery, and appeals from the judgment and order denying his motion for a new trial.

The charging part of the information was as follows: "Assault with intent to commit robbery, committed as follows: The said John W. McInerney on the 10th day of May, A. D. 1915, at the said city and county of San Francisco,

State of California, did then and there willfully, unlawfully, feloniously and with force and violence and with a deadly weapon, to wit: a loaded revolver, make an assault in and upon the person of one Frank G. Beutler with the felonious intent then, there and thereby, by force, violence and intimidation, to seize, steal, take and carry away the money, goods and chattels of the said Frank G. Beutler from the person and immediate presence and against the will of the said Frank G. Beutler.'' Upon the trial the evidence, while otherwise sufficient to justify a conviction, was insufficient to show that the defendant made the assault in question ''with a deadly weapon, to wit, a loaded revolver''; and the appellant here contends that his conviction cannot therefore be sustained, for the reason that the prosecution having alleged in its information that the assault in question was made ''with a deadly weapon, to wit, a loaded revolver,'' it was limited to the proof of that particular form and means of assault.

We cannot agree with this contention. The information was entirely sufficient to satisfy the requirement of the statute as to the charge of assault with intent to commit robbery without the inclusion in it of any language descriptive of the means by which the party assaulted was put in fear, or of the form of force and violence used to produce that condition. The words in the information ''with a deadly weapon, to wit, a loaded revolver,'' were therefore surplusage which might have been omitted entirely from it without affecting its sufficiency in any way. This being so, we understand the rule of law to be that when such matter may be omitted entirely without affecting the charge against the defendant it may be considered as surplusage and disregarded, especially where the particular allegation was, as in this case, pleaded under a videlicet (22 Cyc. 448, and cases cited).

As to the appellant's contention that the court refused to give certain instructions asked by the defendant, it may be said that as to those instructions requested by him touching the foregoing alleged defect in proof as to his use of a particular weapon at the time of the assault, such instructions were properly refused; and as to the other instructions which the defendant requested and which were not given, we find that with one exception they are substantially covered by other instructions which the court gave. The exception has reference to an instruction asked by the defendant as to the

right of the jury to base a reasonable doubt upon the defendant's proof of good reputation. The record shows that the instruction is marked as "given" by the trial judge; but it is not included in the clerk's transcript purporting to set forth the full charge. There is no affirmative showing, however, as to whether or not the instruction was in fact given, and this being so, we must resolve the uncertainty of the record in favor of supporting the judgment.

Judgment and order affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 22, 1916.